FILED IN DISTRICT COURT
OKLAHOMA COUNTY

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FEB - 4 2014

TIM RHODES
COURT CLERK
30_____

PHILLIP MAZAHERI,                        )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )   Case No.:
                                         )
JOHN DOE, an individual, and             )   CJ - 2014 - 655
                                         )
UBER TECHNOLOGIES, INC.,                 )
                                         )
        Defendants.                      )

## PETITION

COMES NOW, Plaintiff, Phillip Mazaheri (hereinafter referred to as "Plaintiff"), by and

through his attorneys of record, Brice W. Bisel, OBA #30986 and Katherine R. Mazaheri, OBA

#21746 and hereby complains against Defendants John Doe and Uber Technologies, Inc.

(hereinafter referred to as "Defendants"):

### NATURE OF CASE

1.  Plaintiff alleges claims for assault and battery, negligence, and negligent hiring/retention.

### JURISDICTION AND VENUE

2.  The District Courts of the State of Oklahoma are courts of general jurisdiction.  Thus, this

    Court has subject matter jurisdiction over Plaintiff's claims.

3.  Defendant Uber Technologies, Inc., is subject to personal jurisdiction in this Court as a

    foreign corporation doing business in the State of Oklahoma.

1


EXHIBIT
1

4.  Defendant John Doe is subject to personal jurisdiction in this Court due to his residence in and contacts with the State of Oklahoma stemming from his actions in Oklahoma City that are the subject of this lawsuit.

5.  Pursuant to 12 O.S. §137 venue in this Court is proper as the actions described herein that led to Plaintiff's injuries occurred in part in Oklahoma County, State of Oklahoma and Defendants' own property in Oklahoma County and/or are owed debts in Oklahoma County, Oklahoma.

6.  In addition to seeking recovery of the actual damages suffered, Plaintiff also seeks declaratory, injunctive, and equitable relief. Compensatory and punitive damages are also sought.

7.  Costs and attorney's fees may also be awarded pursuant to 12 O.S. §696.4.

## PARTIES

8.  Plaintiff, Phillip Mazaheri, is an individual citizen and resident of Oklahoma County, Oklahoma.

9.  Defendant John Doe ("Doe") is an individual citizen and believed to be a resident of the State of Oklahoma.

10. Defendant Uber Technologies, Inc., ("Uber") is a foreign corporation headquartered in San Francisco, California. Of information and belief, Defendant is believed to frequently conduct business within the State of Oklahoma and in Oklahoma County.

## GENERAL ALLEGATIONS

11. Defendant Uber is a car service that provides drivers who can be hailed and dispatched through a mobile phone application.

2

12. Uber provides car service in cities throughout the United States, including Oklahoma City, via an on demand dispatch system provided through a mobile phone application.

13. Uber customers have the ability to hail one of Uber's drivers through the mobile phone application.

14. Uber customers remit payment for the cab fare to Uber through the mobile phone application and Uber then pays the driver from this fare.

15. Although Uber classifies many drivers as independent contractors, Uber drivers are employees of the company as they are required to follow a litany of detailed requirements imposed upon them by Uber, including, but not limited to:

   a.  Passing a background check;

   b.  Maintaining insurance, registration, and license(s);

   c.  Being subject to termination;

   d.  Being given rules concerning conduct with customers of Uber;

   e.  Required to meet timeliness deadlines in pickup up and delivering customers;

   f.  Drivers are paid directly by Uber and not by the customer;

   g.  Drivers are required to maintain a certain level of cleanliness in their vehicle; and

   h.  Drivers are subject to a review system through Uber.

16. Uber is in the business of providing car service to customers and does indeed provide such service through Uber drivers. As such, the driver's services are fully integrated into Uber's business, and without such drivers, Uber's business simply would not exist.

17. All contact that customers of Uber have with Uber drivers is initiated, maintained, and completed through the Uber mobile phone application.

3

18. At approximately 1:14 A.M. on December 22, 2013, Plaintiff used his Uber application to hail a driver at the Colcord Hotel in downtown Oklahoma City, Oklahoma to take him and his fiancé to his residence in Edmond, Oklahoma.

19. Uber driver John Doe picked up Plaintiff and his fiancé at the Colcord Hotel.

20. Instead of immediately heading north towards Plaintiff's home off I-235 in Edmond, John Doe chose to take the circuitous route up I-44 to get to Plaintiff's home.

21. After several miles of driving, Plaintiff's fiancé asked Doe why he was taking this route, to which Doe replied: "Why are you being a bitch?"

22. At this point, Plaintiff calmly told Doe to not speak to his fiancé in that manner.

23. Mr. Doe then stated to Plaintiff: "Do you want a f***ing ride or what?"

24. Plaintiff then asked Doe to pull over and let him and his fiancé out of the car, as they did not wish to be treated in this threatening and hostile manner.

25. At this point Doe pulled into the Arby's parking lot on N.W. 23rd Street and I-44. Plaintiff exited the vehicle from the rear passenger door.

26. While Plaintiff stood waiting for his fiancé to exit the vehicle through the same door, Doe exited the driver's door and came around the vehicle.

27. Without provocation, Doe then punched/struck Plaintiff in the mouth, causing significant bodily injury to Plaintiff's person.

28. At no time did Plaintiff provoke Doe's attack in any manner.

29. Doe then ran around the car, re-entered the driver's seat, and sped away from the scene.

30. Plaintiff filed a police report with the Oklahoma County police department after this incident.

31. Plaintiff's fiancé also contacted Uber to report Doe's actions and Uber has refunded the $14.66 cab fare charged to Plaintiff's credit card, presumably assuming responsibility for their driver's actions.

32. As John Doe is an employee of Uber, Uber is responsible for his actions during the regular course of its business. As this incident occurred while Doe was providing such driver services, Uber is clearly liable for his conduct.

33. Plaintiff's injuries necessitated immediate medical treatment due to a broken tooth, substantial swelling and bleeding, and a broken bone above his front teeth.

34. Plaintiff's injuries will require additional oral surgeries in the future and also will require a false tooth to be positioned in his mouth once the broken bone heals.

35. As a result of Defendants' actions Plaintiff has suffered the following damages: loss of income; serious and permanent physical injuries to his body; has endured tremendous emotional pain and suffering; physical pain and suffering; and has incurred medical bills and likely will incur future medical bills.

36. All acts and omissions giving rise to the causes of action at issue occurred in Oklahoma City, Oklahoma County, State of Oklahoma and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, costs and attorneys' fees on each and every claim.

37. That at all times pertinent, the acts and/or omissions of all Defendants were grossly negligent, reckless, willful, wanton, intentional, malicious and in conscious disregard for the rights, health and safety of others, including the Plaintiff, thereby entitling Plaintiff to recover punitive damages.

38. Costs and attorney's fees may also be awarded pursuant to 12 O.S. §696.4.

5

## FIRST CAUSE OF ACTION:
### NEGLIGENT HIRING, SUPERVISION, AND RETENTION

39. Paragraphs 1-38 are incorporated herein by reference.

40. Defendant Uber knew or reasonably should have known that Defendant Doe had a propensity to engage in the sort of behavior as alleged above when it hired him and throughout his employment.

41. Defendant Uber breached its duties owed to Plaintiff.

42. Plaintiff was injured as a result of such negligence.

43. As a result of Defendant's actions, Plaintiff has suffered the losses and damages described in paragraphs 33-38 above.

44. Costs and attorney's fees may also be awarded pursuant to 12 O.S. §696.4.

## SECOND CAUSE OF ACTION:
### ASSAULT AND BATTERY

45. Paragraphs 1-44 are incorporated herein by reference.

46. As described above, on December 22, 2013, Defendant Doe did intentionally assault and batter Plaintiff.

47. As described above, Defendant Doe's actions did in fact amount to unconsented harmful and offensive contact with Plaintiff's person, causing severe and permanent injury to Plaintiff.

48. As a result of Defendant's actions, Plaintiff has suffered the losses and damages described in paragraphs 33-38 above.

49. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or reckless disregard for the legal rights of Plaintiff.

6

50. Plaintiff is entitled to its actual damages and punitive and exemplary damages against Defendant.

51. Costs and attorney's fees may also be awarded pursuant to 12 O.S. §696.4.

## THIRD CAUSE OF ACTION:
## RESPONDEAT SUPERIOR

52. Paragraphs 1-51 are incorporated herein by reference.

53. Defendant Uber employed Defendant Doe at the time of the incident on December 22, 2013.

54. Defendant Doe was performing the driving services provided by the Uber application when the incident described above occurred.

55. As Defendant Doe was acting in furtherance of Defendant Uber's business, Defendant Uber is liable for Defendant Doe's actions towards Plaintiff through the doctrine of respondeant superior.

56. As a result of Defendant's actions, Plaintiff has suffered the losses and damages described in paragraphs 33-38 above.

57. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or reckless disregard for the legal rights of Plaintiff.

58. Plaintiff is entitled to its actual damages and punitive and exemplary damages against Defendant.

59. Costs and attorney's fees may also be awarded pursuant to 12 O.S. §696.4.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a. Actual damages, in amounts to be determined at trial;

b. Damages for emotional pain and suffering;

c. Damages for physical pain and suffering;

d. Punitive Damages;

e. Compensatory and consequential damages;

f. Injunctive and/or declaratory relief;

g. Pre-judgment and post-judgment interest at the highest lawful rate;

h. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

i. That Defendant be enjoined and restrained from engaging in further conduct; and

j. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma law.

Respectfully submitted,

Brice W. Bisel, OBA #30986
Katherine R. Mazaheri, OBA #21746
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-607-4357
Facsimile: 405-607-4358
brice@mazaherilawfirm.com
katherine@mazaherilawfirm.com
*Attorneys for Plaintiff*

**ATTORNEYS' LIEN CLAIMED**

9

## VERIFICATION

STATE OF OKLAHOMA     )
                                     ) SS:

COUNTY OF OKLAHOMA    )

Plaintiff, Phillip Mazaheri, of lawful age, being first duly sworn upon his oath, states:

That he is the Plaintiff above named; that he has read the above and foregoing *Petition* and knows the contents thereof, and that the statements, allegations and facts therein set forth are true and correct to the best of his information, knowledge and belief.

Phillip Mazaheri
Plaintiff

Subscribed and sworn to before me this 29th day of January , 2014.

Notary Public/Comm# _____ 09000815

My Commission Expires: 1/30/2017

RUTH MAZAHERI
Notary Public in and for the
State of Oklahoma
Commission #09000815
My Commission expires 1/30/2017