# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP MAZAHERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-225-M |
| | ) |
| JOHN DOE, an individual, and UBER TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Uber Technologies, Inc.'s ("defendant") Motion to Dismiss and Supporting Brief, filed March 13, 2014. On March 28, 2014, plaintiff filed his response, and on April 03, 2014, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction[1]

Defendant is a software technology company that provides a smartphone application software ("Uber App") that matches passengers looking for a car service with car service company drivers looking for passengers. Plaintiff and his fiancé used this Uber App to alert a car service for transportation from a hotel in downtown Oklahoma City, Oklahoma to Edmond, Oklahoma. John Doe, a private car service operator, responded and picked up plaintiff and his fiancé. Several miles into the trip, plaintiff's fiancé, complained to John Doe regarding the route. John Doe replied "why are you being a bitch". Pet. ¶ 21. Plaintiff requested that John Doe refrain from speaking to plaintiff's fiancé in this manner. In response, John Doe asked if they "wanted a fucking ride or what?". Pet. ¶ 23. Plaintiff and his fiancé requested to be let out of the car. John

---

[1] For the purposes of this motion, the parties do not dispute these facts.

Doe complied with the request and pulled over into an Arby's restaurant parking lot. After plaintiff exited the vehicle and as plaintiff's fiancé exited the vehicle, John Doe exited the vehicle from the driver's side, walked around to where plaintiff was standing, and allegedly struck plaintiff in the face causing serious damages. John Doe then returned to his vehicle and sped away from the parking lot.

II. Standard of Review

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish

an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

Plaintiff asserts against defendant a claim for assault and battery on the theory of *respondeat superior* and a claim for negligent hiring, supervision, and retention. Defendant contends that it is not liable for John Doe's assault because it is not John Doe's employer and even if it was, John Doe acted outside of the scope of his employment. Defendant further contends that plaintiff has failed to plead a claim for negligent hiring, supervision, and retention because defendant is not John Doe's employer and even if it was, plaintiff failed to plead sufficient facts to allege defendant had notice of John Doe's propensity to commit assault.[2]

A. *Respondeat Superior* Liability

Generally,

> Employer liability extends when an employee's conduct is an assault of excessive force if the conduct also occurs within one's scope of employment. Under the theory of *respondeat superior*, one acts within the scope of employment if engaged in work assigned, or if doing what is proper, necessary and usual to accomplish the work assigned, or doing that which is customary within the particular trade or business.

---

[2] The parties disagree on the proper characterization of John Doe's employment status. Plaintiff asserts that John Doe is defendant's employee. In contrast, defendant contends that John Doe is an independent contractor. The Court, however, does not address this dispute because even assuming defendant is John Doe's employer, for the reasons set forth below, plaintiff has still failed to assert a cause of action that survives defendant's motion to dismiss.

3

*Bosh v. Cherokee Cnty. Bldg. Auth.*, 305 P.3d 994, 998 (Okla. 2013) (internal footnotes omitted). "As a general rule, it is not within the scope of an employee's employment to commit an assault on a third person." *Id.* at 999. However, "a wilful assault can be within the scope of employment if: 1) the act is fairly and naturally incident to the employer's business; 2) the act occurs while the employee is engaged in an act for the employer; or 3) the assault arises from a natural impulse growing out of or incident to the attempt to complete the master's business." *Id.* at 998 n.15.

Plaintiff asserts that John Doe was engaged in defendant's business of providing transportation services when the alleged assault occurred and John Doe's action stemmed from some impulse of emotion that naturally grew out of or incident to performing defendant's business. In contrast, defendant asserts that the alleged assault did not occur within the scope of John Doe's employment because the act did not occur in furtherance of defendant's interest.

Having carefully reviewed plaintiff's petition, and accepting plaintiff's allegations as true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has failed to set forth sufficient facts to plausibly establish *respondeat superior* liability. Specifically, the Court finds that plaintiff has not plead sufficient facts that would allow the Court to draw a reasonable inference that John Doe was acting within the scope of employment when he assaulted plaintiff. As a result of the verbal dispute that occurred between John Doe and plaintiff, per plaintiff's request, John Doe pulled into a parking lot and let plaintiff out. John Doe then "exited the driver's door and came around the vehicle . . . then punched/struck plaintiff in the mouth[.]" Pet. ¶ 4. Once John Doe pulled into the parking lot and got out of his car to assault plaintiff, under these present facts, it cannot plausibly be said that plaintiff engaged in this act to further the interest of his employer or such behavior is a natural impulse growing out of or

incident to the attempt to complete the master's business. John Doe was not acting to protect or further the interests of his employer, but instead pursued this course of conduct for his own personal interest of assaulting plaintiff. Accordingly, the Court finds that plaintiff's claim against defendant for assault and battery on the theory of *respondeat superior* liability should be dismissed.

B. Negligent Hiring, Supervision, and Retention

Plaintiff also asserts a claim against defendant for negligent hiring, supervision, and retention. Under Oklahoma law, "[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee." *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999). "An employer is found liable, if–at the critical time of the tortious incident–, the employer had reason to believe that the person would create an undue risk of harm to others." *Id.* Further, "[t]he critical element for recovery is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." *Id.*

Having carefully reviewed plaintiff's petition, the Court finds plaintiff has not set forth sufficient factual allegations to state a claim for negligent hiring, supervision, and retention. Specifically, the Court finds that plaintiff has not set forth any factual allegations regarding any prior knowledge by defendant of John Doe's propensity to engage in assault. Although plaintiff asserts that because of plaintiff's "simple application and hiring process, it is unlikely that [defendant] would be able to determine whether John Doe posed any level of risk towards [defendant] customers[,]" Pl.'s Resp. in Opp. to Def. Uber Technologies Inc.'s Mot. to Dismiss at 9-10, that defendant failed to train its employees concerning physical violence, and other conclusive allegations, the Court finds that these statements are merely speculative and conclusive statements. Accordingly, because plaintiff's conclusive and speculative allegations

lack the required factual enhancement to sufficiently allege that defendant had prior knowledge that John Doe had propensity to commit assault, the Court finds that plaintiff's cause of action against defendant for negligent hiring, supervision, and retention should be dismissed.

IV. Conclusion

Accordingly, the Court GRANTS defendant Uber Technologies, Inc.'s Motion to Dismiss and Supporting Brief [docket no. 8] and DISMISSES plaintiff's claims against defendant Uber Technologies, Inc.

**IT IS SO ORDERED this 22nd day of May, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE