# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP MAZAHERI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TYLER MCEUIN, an individual, and ) <br> UBER TECHNOLOGIES, INC., ) <br> ) <br> Defendants. ) | Case No. CIV-14-225-M |

## ORDER

On February 4, 2014, plaintiff filed a petition in the District Court of Oklahoma County, Oklahoma against defendants Uber Technologies, Inc. ("Uber") and John Doe. On March 6, 2014, defendant Uber removed this matter to this Court, and on March 13, 2014, filed a Motion to Dismiss. On May 22, 2014, the Court granted defendant Uber's Motion to Dismiss and dismissed defendant Uber from this case. In a subsequent order issued the same date, the Court granted plaintiff's Motion for Leave to File an Amended Petition for purposes of substituting defendant John Doe with the actual name of Tyler McEuin. On May 29, 2014, plaintiff amended the petition substituting defendant John Doe with defendant Tyler McEuin. On July 07, 2014, defendant Tyler McEuin filed a motion to dismiss asserting that because defendant Uber is dismissed from this case and both the remaining parties are residents of Oklahoma, the Court has no basis to retain subject matter jurisdiction over plaintiff's state law claims against defendant Tyler McEuin. On July 15, 2014, plaintiff filed a motion to stay the case pending an appeal of

the Court's ruling on defendant Uber's Motion to Dismiss. On July 25, 2014, the Court granted plaintiff's motion and stayed this matter pending appeal.[1]

On July 31, 2014, plaintiff filed a Motion for Rule 54(b) Certification. On August 15, 2014, defendant Uber filed a response objecting to the motion. On August 20, 2014, plaintiff filed its reply in support of its motion to certify.

II. Discussion

"District courts have an independent duty to examine whether they have subject matter jurisdiction over cases, and may do so *sua sponte*." *Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 fn.3 (10th Cir. 2014) (citations omitted). "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The Supreme Court held in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), that the existence of subject matter jurisdiction is a threshold inquiry that must precede any merit-based determination. This requirement is "inflexible and without exception." *Id.* at 95 (internal quotation omitted). If a district court lacks jurisdiction, it has no authority to rule on the merits of a plaintiff's claims. *Id.* at 101–02.

> Under the federal removal statutes the presence of "John Doe" defendants at the commencement of an action creates no impediment to removal. *See* 28 U.S.C. § 1441(a) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded."); *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1234–35 (10th Cir. 2006). . . . The question, then, is whether subsequent identification of potential defendants destroys complete diversity and requires remand to state court.
>
> To be sure, if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court. 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

---

[1] In light of the Court's findings below that it lacked subject matter jurisdiction in this matter once plaintiff substituted defendant McEuin as a party, the Court finds that the issuance of a stay order in this matter was not proper, and thus, lifts the stay issued in this matter.

> shall be remanded." Further, § 1447(e) states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." Although § 1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace "John Doe" defendants with defendants identified by name. *See Casas Office Mach., Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668, 673–75 (1st Cir.1994) (noting legislative history indicating Congressional intent that this section apply to identification of "John Doe" defendants). . . .
>
> If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it "may deny joinder." 28 U.S.C. § 1447(e).

*McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).

In the case at bar, after dismissing defendant Uber from this matter, the Court allowed plaintiff to substitute defendant John Doe with defendant Tyler McEuin. Because plaintiff and defendant McEuin are both residents of Oklahoma, there is no longer diversity jurisdiction in this case. *See* 28 U.S.C. § 1332(a) ("district courts shall have original jurisdiction where the matter in controversy . . . is between . . . citizens of different states . . . ."). Accordingly, the Court finds that it lacks subject matter jurisdiction to issue any further rulings on the merits in this case, and thus, pursuant to 28 U.S.C. § 1447(e), REMANDS this case back to the state court.

III. Conclusion

Accordingly, the Court REMANDS this case back to the District Court of Oklahoma County.

**IT IS SO ORDERED this 22nd day of August, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE